FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>vs.<br><br>ALFONSO HERNANDEZ, an individual; JORGE GOMEZ-ACEVEDO, an individual,<br><br>Defendants. | No. 4:23-cv-05043-MKD<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ALFONSO HERNANDEZ AND JORGE GOMEZ-ACEVEDO<br><br>**ECF No. 14** |

Before the Court is Plaintiff United Financial Casualty Company's ("UFCC") Motion for Default Judgment Against Defendants Alfonzo Hernandez and Jorge Gomez-Acevedo, ECF No. 14. This matter was submitted for consideration without oral argument. The Court has considered the motion, the record, and is fully informed. Neither Hernandez nor Gomez-Acevedo have appeared, responded to the Order of Default issued by the Clerk of Court on June 20, 2023, ECF No. 10, or

ORDER - 1

otherwise participated in the pending action. There being no reason for further delay, and for the below reasons, the Court grants UFCC's Motion.

## BACKGROUND

**A. Factual History**

Hernandez owned a 2002 Chevrolet Silverado that was insured by UFCC from December 18, 2021, to June 18, 2022. ECF No. 14 at 3-4; ECF No. 1 at 3 ¶ 9, 6 ¶ 33; *see also* ECF No. 16-1 at 166-70 (Declarations Page).

On March 11, 2022, Gomez-Acevedo was driving the Silverado on State Road 17 near Warden, Washington. ECF No. 1 at 3 ¶¶ 8-9, 12. Melbin Quezada Carrera[1] and non-party Oscar Farias Zapeda were passengers in the Silverado. *Id.* at 3 ¶ 10. UFCC believes that Gomez-Acevedo, Quezada Carrera and Farias Zapeda may have been Hernandez's employees at the time. *Id.* at 3 ¶ 11.

The Silverado was involved in a collision with another passenger vehicle and a semi-truck on State Road 17 near the intersection with Road 10 Southeast. *Id.* at 3-4 ¶¶ 12-17. Gomez-Acevedo and Quezada Carrera sustained injuries, and Farias Zapeda died. *Id.* at 4 ¶ 18.

On May 16, 2022, UFCC learned of the incident and opened a claim. *Id.* at 4

---

[1] Melbin Quezada Carrera was originally named as a defendant but was dismissed from this case on December 1, 2023. ECF Nos. 1, 20, 22.

ORDER - 2

¶ 20.  On July 6, 2022, UFCC sent letters to Hernandez and Gomez-Acevedo stating that the policy coverage for the incident might be limited if Gomez-Acevedo, Quezada Carrera, and Farias Zapeda were, in fact, Hernandez's employees.  *Id.* at 4-5 ¶¶ 21-22.  UFCC asked Hernandez to provide further information about his relationship with the Silverado's occupants.  *Id.* at 4 ¶ 21, 5 ¶ 23.

UFCC sent further letters to Hernandez on October 17, 2022; November 15, 2022; December 7, 2022; January 4, 2023; and February 2, 2023, requesting Hernandez's response on matters relating to the claim.  *Id.* at 5 ¶¶ 24-25.  UFCC sent further letters to Gomez-Acevedo on October 17, 2022; December 6, 2022; January 16, 2023; and February 2, 2023, requesting that he contact UFCC about the claim.  *Id.* at 5 ¶ 26.

On March 10, 2023, UFCC agreed to defend Hernandez and Gomez-Acevedo in relation to a claim brought by Quezada Carrera, subject to a reservation of rights.  *Id.* at 6 ¶ 30.  On April 6, 2023, UFCC sent one further letter to Hernandez and Gomez-Acevedo notifying them of UFCC's updated position on coverage and reminding them of their duty to cooperate with UFCC's investigation of the claim.  *Id.* at 6 ¶ 31.

To date, UFCC has not received any information from Hernandez or Gomez-Acevedo regarding the employment status of Gomez-Acevedo, Quezada Carrera, or Farias Zepeda, including whether they were Hernandez's employees.  *Id.* at 4 ¶ 19.

ORDER - 3

UFCC confirms that neither Hernandez nor Gomez-Acevedo had responded to any of its attempts to contact them as of the time UFCC filed the instant Motion. ECF No. 14 at 3.

### B. Procedural History

On April 6, 2023, UFCC filed a Complaint for Declaratory Relief. ECF No. 1. On May 12, 2023, UFCC filed proofs of service indicating that Hernandez and Gomez-Acevedo were served on April 28, 2023.[2] ECF Nos. 5, 6. On June 15, 2023, UFCC moved for entry of default against Hernandez and Gomez-Acevedo, ECF No. 8, which the Clerk of Court entered on June 20, 2023, ECF No. 10.

On February 22, 2024, the Court directed supplemental briefing, which UFCC filed on March 4, 2024. ECF Nos. 23, 24.

## DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction

---

[2] In several filings, UFCC states that Hernandez and Gomez-Acevedo were served on April 26 and 28, 2023. ECF No. 8 at 2; ECF No. 9 at 2 ¶ 2; ECF No. 24 at 2. However, the proofs of service reflect that both were served on April 28, 2023. ECF Nos. 5, 6, 9-1.

over both the subject matter and the parties[]" and "determine whether it has the power . . . to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

Subject matter jurisdiction is proper under 28 U.S.C. § 1332. UFCC is a foreign insurer organized under the laws of Ohio with a principal place of business in Ohio. ECF No. 1 at 2 ¶ 1. Hernandez and Gomez-Acevedo are both citizens of Washington. *Id.* at 2 ¶¶ 2-3. As such, there is complete diversity among the parties. *See Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that 28 U.S.C. § 1332 applies "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant). The insurance policy at issue in this case has a policy limit of $1,000,000 per occurrence for bodily injury and property damage. ECF No. 1 at 6 ¶ 34. UFCC describes the subject incident as a three-vehicle collision that resulted in bodily injury to two occupants of the Silverado and the death of the third occupant. *Id.* at 3-4 ¶¶ 8-18. From these facts, the amount-in-controversy in this case plausibly exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that the amount in controversy requirement requires "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

In addition, the Court finds adequate basis to exercise personal jurisdiction over Hernandez and Gomez-Acevedo in this case, as both are Washington residents.

ORDER - 5

*See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general [personal] jurisdiction is the individual's domicile . . . ."); ECF No 1 at 2 ¶¶ 2-3.

Finally, the Court concludes that venue is proper under 28 U.S.C. § 1391(b)(2), as the March 11, 2022, incident underlying this case occurred near Warden, within this district. ECF No. 1 at 3 ¶ 8.

**B. Procedural Requirements**

The process for obtaining a default judgment is set forth in Fed. R. Civ. P. 55 and Local Civil Rule (LCivR) 55. The Court is satisfied that UFCC has complied with these requirements. UFCC properly served Hernandez and Gomez-Acevedo with the summons and complaint under Fed. R. Civ. P. 4(e)(2)(B). ECF Nos. 5, 6; LCivR 55(a)(2). Hernandez and Gomez-Acevedo failed to timely plead or otherwise defend. LCivR 55(a). Counsel for UFCC sent written notice to Hernandez and Gomez-Acevedo at least 14 days before moving for entry of default. ECF No. 9-2; LCivR 55(a)(1)-(2). On June 20, 2023, the Clerk entered an Order of Default. ECF No. 10; LCivR 55(a).

Counsel for UFCC has submitted a declaration certifying that Hernandez and Gomez-Acevedo are not infants nor incompetent persons and attesting that the Servicemembers Civil Relief Act does not apply, as required by LCivR 55(b)(1). ECF No. 15.

**C. Substantive Requirements: *Eitel* Factors**

The Court considers certain factors in exercising its discretion to enter a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Upon default, the Court assumes that well-pleaded allegations in the complaint, except those relating to the amount of damages, are true.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

    *1. Possibility of Prejudice*

First, the Court considers the possible prejudice to UFCC if default judgment is not granted.  "[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted).  Under Washington law, an insurer who is "uncertain" whether they have a duty to defend an insured "must provide a defense under a reservation of rights while seeking a declaratory judgment that it has no duty to defend." *Osborne Constr. Co. v. Zurich Am. Ins. Co.*, 356 F. Supp. 3d 1085, 1091 (W.D. Wash. 2018) (citing *Truck Ins.*

ORDER - 7

*Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 282 (Wash. 2002)).  Here, UFCC seeks a declaratory judgment that it has no duty to defend Hernandez or Gomez-Acevedo, while defending them under a reservation of rights.  ECF No. 1 at 6 ¶¶ 30-32, 11-12 ¶¶ 40-52.  UFCC states that if default judgment is not granted, it will likely have no other recourse to determine whether it has a duty to defend Hernandez and Gomez-Acevedo, and it will be obligated to continue defending them over its objections.  ECF No. 24 at 4.

The first *Eitel* factor weighs in favor of default judgment.

*2.  Merits of Claims and Sufficiency of the Complaint*

Next, the Court considers whether Plaintiff's substantive claim has merit and has been sufficiently pleaded.[3]  *See Eitel*, 782 F.2d at 1471-72.

In a coverage dispute, the insurer bears the burden of showing that the loss is excluded by specific policy language.  *Black v. Nat'l Merit Ins. Co.*, 226 P.3d 175, 178 (Wash. Ct. App. 2010) (citing *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d 1000, 1004 (Wash. 1992)).  Here, the policy contains the following exclusions of coverage relating to employees:

> 5. Employee Indemnification and Employer's Liability
>
> Bodily injury to:

---

[3] Courts often consider the second and third *Eitel* factors together.  *Curtis*, 33 F. Supp. 3d at 1211.

ORDER - 8

       a. An employee of any insured arising out of or within the course of:
         (i) That employee's employment by any insured; or
         (ii) Performing duties related to the conduct of any insured's business; . . .

  6. Fellow Employee

  Bodily injury to:
    a. a fellow employee of an insured injured while within the course of their employment or while performing duties related to the conduct of your business.

ECF No. 14 at 7-8 (quoting from ECF No. 16-1 at 236-37) (emphases omitted). UFCC first contends that Gomez-Acevedo, Quezada Carrera, and Farias-Zepeda may have been Hernandez's employees at the time of the March 11, 2022, incident and therefore would fall within the scope of these exclusions.[4] UFCC would bear the burden of proving these exclusions in a coverage dispute. *See Black*, 226 P.3d at 178. But because Hernandez and Gomez-Acevedo have failed to respond to UFCC's investigation, UFCC argues that they have materially prejudiced its ability to determine its obligations under the policy. ECF No. 14 at 11-12.

     Insured parties "may forfeit their right to recover under an insurance policy if they fail to abide by provisions in the policy requiring them to cooperate with the

---

[4] UFCC does not indicate how it learned that these individuals may have been Hernandez's employees, so the Court cannot assess these exclusions on the merits.

ORDER - 9

insurer's investigation of their claim." *Tran v. State Farm Fire & Cas. Co.*, 961 P.2d 358, 363 (Wash. 1998) (citations omitted). "The only limitation on the requirement that insureds cooperate with the insurer's investigation is that the insurer's requests for information must be material to the circumstances giving rise to liability on its part." *Id.* (citation omitted). "Information is material when it concerns a subject relevant and germane to the insurer's investigation as it was then proceeding at the time the inquiry was made. *Id.* (citation and quotation marks omitted). "An insured's breach of a cooperation clause releases the insurer from its responsibilities if the insurer was actually prejudiced in the insured's breach." *Id.* at 365 (citation omitted).

Here, the UFCC policy contains the following cooperation provision:

> A person seeking coverage must:
> 1. cooperate with [UFCC] in any manner concerning a claim or lawsuit; . . .
> 3. allow [UFCC] to take signed and recorded statements, including sworn statements and examinations under other . . . and answer and reasonable questions [UFCC] may ask as often as [UFCC] may reasonably require;
> 4. promptly call [UFCC] to notify [it] about any claim or lawsuit and send [it] any legal papers relating to any claim or lawsuit;
> 5. attend any hearings and trials as [UFCC] require[s]; . . .
> 10. authorize [UFCC] access to [their] business or personal records as often as [UFCC] may reasonably require.

ECF No. 14 at 8-9 (quoting ECF No. 16-1 at 227) (emphases omitted).

ORDER - 10

UFCC contends that Hernandez failed to respond to seven letters, and Gomez-Acevedo failed to respond to six letters, sent between July 2022 and April 2023, relating to the March 11, 2022, incident. ECF No. 1 at 4-6 ¶¶ 21-31. The first of these letters specifically requested information about Hernandez's relationship with Gomez-Acevedo and Quezada Carrera, noting that coverage might be unavailable if they were Hernandez's employees. ECF No. 1 at 4-5 ¶¶ 21-23. The subsequent letters to Hernandez asked him to contact UFCC or sought his permission to release his policy information to Quezada Carrera. ECF No. 1 at 5 ¶¶ 24-25, 6 ¶ 31. The subsequent letters to Gomez-Acevedo repeated the request that he contact UFCC to further investigate the claim. ECF No. 1 at 5 ¶ 26, 6 ¶ 31.

Information about to the relationship between Hernandez and the Silverado occupants was material, as it concerned relevant and germane facts to UFCC's determination of its obligations under the policy and its burden of proving the applicability of its policy exclusions. *See Tran*, 961 P.2d at 363. UFCC has been defending Hernandez and Gomez-Acevedo, subject to a reservation of rights, in relation to Quezada Carrera's claim for the past year, all without Hernandez's or Gomez-Acevedo's cooperation. It is therefore likely that UFCC could demonstrate actual prejudice resulting from Hernandez's and Gomez-Acevedo's failure to cooperate. *See id.* at 365.

ORDER - 11

The Court concludes that UFCC's substantive claim against Hernandez and Gomez-Acevedo has merit and has been sufficiently pleaded, so the second and third *Eitel* factors weigh in favor of default judgment.

*3. The Sum of Money at Stake*

Next, the Court considers the sum of money at stake in the action. *See Eitel*, 782 F.2d at 1471-72. "Default judgment is disfavored if the sum of money at stake is completely disproportionate or inappropriate" in relation to the seriousness of the defendant's conduct. *Hygenix, LLC v. Xie*, No. 21-cv-957, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022) (citation and quotation marks omitted).

UFCC seeks a declaratory judgment determining their obligations under an insurance policy with a policy limit of $1 million in bodily injury and property damage coverage per occurrence. ECF No. 1 at 6 ¶ 34, 13 (prayer for relief). The precise value of the bodily injury and property damage claims resulting from the March 11, 2022, incident will not be ascertainable until all claims are ultimately resolved. But given the policy limit and the severity of the incident, it seems feasible that these claims could amount to hundreds of thousands of dollars.

Conversely, the potentially high value of these claims is tempered by other circumstances. UFCC is not seeking any amount from Hernandez or Gomez-Acevedo in the form of damages. *See* ECF No. 1 at 13. Moreover, Hernandez and Gomez-Acevedo may also seek a judicial determination of liability and the amount

1  of damages for any claim that is pursued against them personally. There is no

2  indication that the sum of money at stake—whatever it may be in the end—would be

3  completely disproportionate or inappropriate in relation to Hernandez's and Gomez-

4  Acevedo's conduct. *See Hygenix*, 2022 WL 1094181, at *3.

5  Accordingly, the fourth *Eitel* factor does not weigh against default judgment.

6  *4. Possibility of a Dispute Concerning Material Facts*

7  Next, the Court must consider whether there is a possibility of a dispute over a

8  material fact. *See Eitel*, 782 F.2d at 1471-72. The Court must assume that the well-

9  pleaded allegations in the complaint are true. *See Geddes*, 559 F.2d at 560. Where

10 no dispute has been raised, the likelihood that any such dispute exists is remote. *See*

11 *Brow Room v. Med. Laser Experts, LLC*, No. 21-CV-49, 2021 WL 5830023, at *2

12 (E.D. Wash. Dec. 8, 2021).

13 As such, the fifth *Eitel* factor does not weigh against default judgment.

14 *5. Excusable Neglect*

15 The Court next considers the possibility that Hernandez's and Gomez-

16 Acevedo's default was due to excusable neglect. *See Eitel*, 782 F.2d at 1471-72.

17 "Generally, courts do not find excusable neglect when defendants were properly

18 served with the complaint." *BMO Bank N.A. v. Raiden, LLC*, No. 23-cv-1465, 2023

19 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) (citation omitted). Hernandez and

20 Gomez-Acevedo were properly served on April 28, 2023, by the means specified in

1  Fed. R. Civ. P. 4(e)(2)(B).  ECF Nos. 5, 6.  In addition, counsel for UFCC mailed

2  written notice of its intent to move for entry of default to Hernandez and Gomez-

3  Acevedo on May 19, 2023, at least 14 days in advance of its motion for entry of

4  default.  ECF Nos. 9-2 at 2-4.

5        The sixth *Eitel* factor weighs in favor of default judgment.

6        *6.  Policy Considerations*

7        Finally, the Court considers the strong policy preference expressed in the

8  Federal Rules of Civil Procedure for resolution of claims on the merits.  *See Eitel*,

9  782 F.2d at 1471-72.  Although this factor "will almost always disfavor the entry of

10  default judgment," it is not dispositive.  *Vawter v. Quality Loan Serv. Corp. of*

11  *Wash.*, No. C09-1585, 2011 WL 1584424, at *3 (W.D. Wash. Apr. 27, 2011).

12  "[W]here a defendant's failure to appear 'makes a decision on the merits

13  impracticable, if not impossible,' entry of default judgment is nonetheless warranted.

14  *Elec. Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923,

15  948 (N.D. Cal. 2017) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d

16  1039, 1061 (N.D. Cal. 2010)).  Hernandez's and Gomez-Acevedo's failure to appear

17  has made a decision on the merits impossible.

18        The seventh *Eitel* factor does not weigh against default judgment.

19

20

ORDER - 14

## CONCLUSION

On balance, the *Eitel* factors weigh in favor of granting default judgment in this case. The Court concludes that UFCC is entitled to the declaratory relief sought and grants the Motion for Default Judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff United Financial Casualty Company's Motion for Default Judgment, **ECF No. 14,** is **GRANTED**.

2. **DEFAULT JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff United Financial Casualty Company.

3. The Court **FURTHER FINDS AND DECLARES** as follows: United Financial Casualty Company, a foreign insurer, has no duty to defend or indemnify Alfonso Hernandez or Jorge Gomez-Acevedo under Policy No. 01507436-004 with regard to claims arising out of the automobile accident that occurred on March 11, 2022, near Warden, Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order, provide copies to counsel for Plaintiff United Financial Casualty Company and to Defendants Hernandez and Gomez-Acevedo, and **CLOSE the file**.

DATED March 8, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 15